UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CROSS KEYS BANK | CIVIL ACTION NO: 3:20-cv-00942 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| KARCREDIT, LLC,  ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

RULING

Pending before this Court is a Motion to Withdraw Reference [Doc. No. 1], filed by Defendants, Ronnie D. Ward, and Sharon D. Ward.  For the reasons set for herein, the Motion to Withdraw Reference is DENIED.

I.      BACKGROUND

On May 22, 2019, Plaintiff, Cross Keys Banks ("CKB"), filed a petition in the Fourth Judicial District Court, Ouachita Parish, Louisiana against Karcredit, LLC ("Karcredit"), Ronnie D. Ward ("Ronnie Ward") and Sharon D. Ward ("Sharon Ward").  CKB sought a judgment against the defendants for amounts due under a promissory note and personal guarantee of Ronnie and Sharon Ward.  CKB also sought a declaratory judgment recognizing and maintaining a first ranking security interest in its collateral, 3,175 shares of stock in Homeland Bancshares, Inc. ("Homeland") and a term life insurance policy issued by TransAmerica Life Insurance Company on the life of Ronnie Ward.

In the state proceeding, the Wards filed a Reconventional Demand against CKB.  Caldwell Bank & Trust Company ("Caldwell Bank"), filed a motion to intervene in the lawsuit.  CKB then filed a First Amended Petition on July 19, 2019 and also included the new Defendants, Keith W. Albritton, Ruth C. Albritton and JDB of Monroe, Inc. ("JDB").  Various exceptions and answers were filed by the parties in this state proceeding.  After a status conference on May 27, 2020, the state court set a hearing in regard to various amended pleadings filed.

On July 17, 2020, CKB filed an Involuntary Petition Against a Non-Individual against Karcredit.  The case was assigned with the bankruptcy court, case number 20-30681.   Also, on July 17, 2020, CKB filed a Notice of Removal to remove the state case based on its relationship to the bankruptcy proceeding against Karcredit [Doc. No. 2].  The removed state case was assigned (in accordance with local bankruptcy rules) to the Bankruptcy Court for the Western District of Louisiana for adjudication, receiving Case No. 3:20-cv-00900.  Also, on July 17, 2020, a Minute Entry was filed in the removed action indicating that the matter had been referred to the bankruptcy court.  [Doc. No. 2 in case number 3:20-cv-00900].

On July 24, 2020, the pending Motion to Withdraw Reference [Doc. No. 1] was filed by Ronnie Ward and Sharon Ward.  An Opposition to the Motion to Withdraw Reference to the United States Bankruptcy Court [Doc. No. 4], was filed by CKB on August 17, 2020.  A Reply by the Wards [Doc. No. 6] was filed on

August 19, 2020.  A Sur-Reply was filed by CKB [Doc. No. 10] on August 21, 2020. The Court has reviewed the records and pleadings and is prepared to rule.

## II.    LEGAL ANALYSIS

In the Memorandum in Support of Motion to Withdraw Reference [Doc. No. 1],  the Wards argued that the reference to bankruptcy court should be withdrawn, that the purpose of the involuntary bankruptcy was to seek a different forum than the state proceeding and that the proceeding was not "related to" a bankruptcy case.  The Wards also argued that they had made a timely demand for a jury trial and that there can be no jury trial in bankruptcy court without the consent of the parties.

On August 17, 2020 [Doc. No. 4], CKB filed a Memorandum in Opposition to the Wards' Motion to Withdraw Reference to the bankruptcy court.  CKB argued that there was not "cause shown" to withdraw the reference to bankruptcy court under 28 U.S.C. § 157, and that the reference to the bankruptcy court is necessary due to issues regarding the Wards' security agreement and security used for the Karcredit debt.  CKB also argued  that at the time of removal, the Wards did not have the right to a jury trial as the state court judge had not yet signed an order giving the Wards leave of court to file their amended pleading asking for a jury trial. Additionally, CKB argues that the Wards bear the burden of proof to establish the reference to bankruptcy court should be withdrawn and that they have failed to prove that the reference should be withdrawn.

On August 19, 2020, the Wards filed a Reply to CKB's Opposition.  In this Reply, the Wards argued (for the first time), that the original removal from state court was not proper as all defendants were required to join in a removal of a civil action under 28 U.S.C. § 1452.  The Wards also maintain they have a right to a jury trial.

On August 21, 2020, a Sur-Reply was filed by CKB, primarily to argue that removal was proper and that that argument should not be considered as it was not raised initially.

28 U.S.C. § 157(a) states:

> "(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."

The first question is whether the removed case "arises under" or is "related to" a bankruptcy proceeding.  Certainly, the suit against the Wards relates to the Karcredit bankruptcy proceeding, as the Wards are alleged to have signed a guaranty agreement securing the Karcredit loan and are alleged to have pledged stock in Homeland Bank and a TransAmerican life insurance policy as collateral.  Therefore, this matter was properly referred to the Bankruptcy Court for the Western District of Louisiana.

28 U.S.C. § 157(d) states:

> "(d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

Therefore, under 28 U.S.C. § 157(d), there must be "cause shown" to withdraw the reference to bankruptcy court.  This statute contains both a permissive withdraw provision and a mandatory withdraw provision. *Burch v. Freedom Mortgage Corporation* 2019 WL 4935187 (N.D. Tex. 7/12/2019).  The Wards' request for withdrawal of reference is a permissive withdrawal, which requires "cause shown".

Permissive withdrawal is within the discretion of the trial court.  However, the decision must be based on a sound, articulated foundation.  *In re Mirant Corp*. 197 Fed. App'x 285 (5th Cir. 2006).  The movant bears the burden of establishing cause for permissive withdrawal.  *Case Energy Services, LLC v. Padco Energy Services, LLC,*  2017 WL 4544719 (W.D. La. 10/11/2017).

In *Holland America Insurance Company v. Succession of Roy*, 777 F.2d 992 (5th Cir. 1985), the Fifth Circuit identified certain non-exclusive factors for deciding whether to withdraw a reference on permissive grounds:  (1)  whether the proceeding is core or non-core;  (2) whether withdrawal would foster a more economical use of

the parties' resources;  (3)  whether withdrawal would expedite the bankruptcy process;  (4)  whether withdrawal would produce forum shopping and promote uniformity; and (5) whether jury demands have been made.

The Wards argue that this is not a core proceeding and that they have a right to a jury trial.  CKB argues it is a core proceeding and that the Wards have no right to a jury trial.  This Court does not feel it necessary at this time to decide whether this is a core proceeding and/or whether the Wards have a right to a jury trial.  In *Confirmation Bd of Wadleigh Energy Group, Inc. v. Adleigh*, 516 B.R. 850 (E.D. La. 2014), the court stated that a judge need not decide in an early phase of litigation whether the claims are core or non-core and/or whether the *Holland America Factors* favor withdrawal of a reference.

Even though the bankruptcy court cannot enter a final judgment without consent, 28 U.S.C. 157 specifically contemplates referral in that instance of the matter to a bankruptcy judge, who in such case, can at a minimum, issue findings of fact and conclusions of law for the district courts' *de novo* review.  District courts find that even when a bankruptcy court is so limited (to a report and recommendation), this arrangement is preferable to an outright withdrawal of the reference, particularly early in a case, as district courts benefit from the bankruptcy courts' considerable expertise in resolving pre-trial motions. Allowing the bankruptcy court to function much like a magistrate to the district court on matters

that are related to a bankruptcy could considerably expedite the litigation. *In re Whistler Energy II, LLC*, 2018 WL 4951969 (E.D. La. 10/11/2018). This Court believes that it would benefit by the expertise of the bankruptcy court in this matter and exercises its discretion to deny withdrawal of reference to the bankruptcy court.

The Wards also argue (in their Reply), that this matter was improperly removed from state court. This Court does not need to decide that issue since this argument was not made in the Wards' original Motion to Withdraw Reference. Under well established law, issues not briefed in the initial brief are waived. *Lightfoot v. Hartford Fire Insurance Company* 2011 WL 13208962 (E.D. La. 3/14/2011).[1]

## III.  CONCLUSION

For the reasons stated, the Motion to Withdraw Reference to the United States Bankruptcy Court for the Western District of Louisiana [Doc. No. 1] is DENIED.

Monroe, Louisiana, this 26th day of August, 2020.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[1] If this Court were to decide the removal issue, 28 U.S.C. § 1452 clearly allows such a removal without the consent of defendants. *Brownsberger v. Delchamps* 48 Fed. App'x 480 (5th Cir. 2002); and *Arnold v. Garlock, Inc.* 278 F.3d 426 (5th Cir. 2001).